IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| RICHARD LEON GOYETTE | § | |
| | § | |
| v. | § | 2:13-CV-047 |
| | § | |
| UNITED STATES OF AMERICA | § | |

# REPORT AND RECOMMENDATION TO DENY
# PETITION FOR WRIT OF CORAM NOBIS

Defendant RICHARD LEON GOYETTE has filed a Petition for Writ of Coram Nobis. For the reasons hereinafter expressed, the undersigned United States Magistrate Judge is of the opinion defendant is entitled to no relief and recommends the petition be DENIED.

## I.
## BACKGROUND

In March of 2009, defendant pled guilty to one count of using interstate commerce to convey a threat to kill, injure, intimidate people and damage and destroy a building, vehicle, and real property by means of fire and explosives and to one count of conveying false and misleading information by sending, to a financial institution, a letter which contained an unknown white powder and stating the person breathing the powder would die within ten days. *United States v. Goyette*, 2:09-CR-011, "Plea Agreement," doc. 18 (Mar. 16, 2009). The Court sentenced defendant to a seventy-two-month term of incarceration and ordered him to pay $87,734.40 in restitution to various emergency response organizations that expended resources in responding to emergency calls generated by defendant's illegal actions. *Id.*, "Amended Judgment," doc. 43, entered Jan. 12, 2010, pgs. 5-7. The Fifth Circuit dismissed defendant's direct appeal of the Judgment based on the

appeal's untimeliness. *Id.*, Order Granting Motion to Dismiss, doc. 75 (June 4, 2010).

Defendant then filed a motion pursuant to 28 U.S.C. § 2255. One of defendant's grounds of error presented in the section 2255 motion was that he received ineffective assistance of counsel regarding the $87,734.40 restitution. As detailed in this Court's Report and Recommendation to deny the 2255 motion, the Court found defendant failed to establish deficient performance and prejudice from his trial attorney regarding the restitution claims. *Goyette v. United States*, 2:10-CV-037, "Report and Recommendation," doc. 95, pgs. 5-13 (Jan. 27, 2012).

Defendant also contended in his 28 U.S.C. § 2255 motion that he did not present his challenge to the restitution on direct appeal because his attorney told him he had no right to appeal. In its Report and Recommendation, the Court rejected defendant's contention regarding the representations he claimed his attorney made as it related to the appeal. *Id.*, pgs. 13-20. This Court's Report and Recommendation was adopted by the District Court and Goyette's 2255 motion was denied. Defendant's subsequent motion for a Certificate of Appealability was denied by the Fifth Circuit. The instant petition for a writ of coram nobis has now been filed.

II.
<u>ISSUE PRESENTED</u>

Defendant Goyette contends he is entitled to a writ of coram nobis because (i) there is a strong likelihood the amounts assessed against him in calculating his restitution were either overstated or were, at least in part, covered by some form of insurance carried by the emergency response organizations; (ii) defendant "was prevented from appealing" directly following judgment in the criminal case (Petition at pg. 9); (iii) defendant now has no means of challenging or verifying the accuracy of the ordered restitution. Consequently, defendant requests the Court hold an evidentiary hearing, obtain an itemized accounting of each individual restitution claim, and adjust

the ordered restitution accordingly.

### III.
### THE WRIT OF CORAM NOBIS

A writ of coram nobis is designed to redress errors "of fundamental character, that is, such as rendered the proceeding itself irregular and invalid." *United States v. Mayer*, 235 U.S. 55, 69, 35 S.Ct. 16, 19-20, 59 L.Ed.2d 129 (1914). The writ is available to petitioners who are no longer in custody and who seek to vacate a criminal conviction in circumstances where "the petitioner can demonstrate that he is suffering civil disabilities as a consequence of the criminal convictions and that the challenged error is of sufficient magnitude to justify the extraordinary relief." *United States v. Esogbue*, 357 F.3d 532, 533 (5th Cir. 2004) (quoting *Jimenez v. Trominski*, 91 F.3d 767, 768 (5th Cir. 1996)). The writ is an extraordinary remedy and is appropriate "only under circumstances compelling such action to achieve justice." *United States v. Morgan*, 346 U.S. 502, 511, 74 S.Ct. 247, 252, 98 L.Ed.2d 248 (1954). Because of its extraordinary nature, a petitioner for a writ of coram nobis "bears the considerable burden of overcoming the presumption that previous judicial proceedings were correct." *United States v. Dyer*, 136 F.3d 417, 422 (5th Cir. 1998) (citing *Morgan*, 346 U.S. at 512, 74 S.Ct. at 253). It is not necessary for the Court to reach the issue of whether the claims made by Goyette are cognizable in an action for coram nobis relief since the petition is premature.

The first requirement of any person petitioning for a writ of coram nobis is that the person is "no longer in custody." *Jimenez*, 91 F.3d at 768; *see United States v. Dyer*, 136 F.3d 417, 422 (5th Cir. 1998); *United States v. Johnson*, 237 F.3d 751, 755 (6th Cir. 2001) ("A prisoner in custody is barred from seeking a writ of error coram nobis."). Under the caselaw of this and other circuits the term "in custody" includes both periods of incarceration *and* periods of supervised release or

parole. *See Pack v. Yusuff*, 218 F.3d 448, 454 n. 5 (5th Cir.2000) ("Usually, 'custody' signifies incarceration or supervised release, but in general it encompasses most restrictions on liberty resulting from a criminal conviction") (citing *Jones v. Cunningham*, 371 U.S. 236, 241-43, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963) (holding parole meets custody requirement)); *United States v. Brown*, 117 F.3d 471, 475 (11th Cir. 1997) (holding a person serving a term of supervised release is "in custody" within the meaning of 28 U.S.C. § 2255).

Defendant Goyette states he "was released from prison on June 5th, 2012 and is no longer is custody." (Petition at 5). The Judgment issued in defendant's criminal case indicates, however, that he must remain under supervised release for a term of three years upon his release from imprisonment. *United States v. Goyette*, 2:09-CV-011, "Amended Judgment," doc. 29, pg. 3 (Sept. 21, 2009). Consequently, even though defendant may no longer be physically incarcerated, he remains "in custody." *See Jimenez*, 91 F.3d at 768. As such, a writ of coram nobis is currently unavailable to defendant Goyette. *See id.*; *United States v. Reed*, No. 09-10989, 2010 WL 1948366, at *1 (5th Cir. May 14, 2010) (holding "It is undisputed that [petitioner] was in custody when he sought coram nobis relief and is still in custody. The district court did not err in finding that the writ of coram nobis is not an avenue of relief available to him."). Because defendant remains in custody for purposes of a writ of coram nobis, this Court lacks jurisdiction to consider the merits of the petition. *See United States v. Esogbue*, 357 F.3d 532, 534–35 (5th Cir. 2004) (recognizing custody status is a factor in whether the court has jurisdiction over a writ of error coram nobis).

IV.
RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge that the Petition for

Writ of Coram Nobis, filed by defendant RICHARD LEON GOYETTE be DENIED.

V.
INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 29th day of May, 2013.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

\* **NOTICE OF RIGHT TO OBJECT** \*

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)©, or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).